UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Crim. No. 3:10-cr-147 (JBA) |
|---|---|
| v. | |
| GEDEON TORRES | May 21, 2015 |

**RULING DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On February 1, 2011, Defendant Gedeon Torres pled guilty [Doc. # 482] to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was sentenced [Doc. # 833] on August 9, 2011 to 120 months' imprisonment. Mr. Torres now moves [Doc. # 1035] for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. For the following reasons, his motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). "At step two, '§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine

---

[1] These factors include:

whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

The Probation Office states and the Government agrees [Doc. # 1039], that Mr. Torres is ineligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11.

Contrary to Mr. Torres's unsupported claim that his pre-Amendment offense level was 31, in sentencing Mr. Torres the Court found that his total offense level was 33. (Statement of Reasons [Doc. # 1037-3].) With a criminal history category ("CHC") of II, Mr. Torres's advisory sentencing range was 151 to 188 months. (*Id.*) However, the Court departed downward to the mandatory minimum sentence of 120 months, finding that "a Guidelines sentence of 151–188 [months] vastly exceeds the sentence needed to meet the goals of sentencing of this defendant under the totality of circumstances." (*Id.*)

Applying Amendment 782's two-level reduction to Mr. Torres's total offense level of 33 yields an amended level of 31, which when combined with his CHC of II, results in a sentencing range of 121 to 151 months. Because the minimum of the amended guideline

---

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed. . .;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for. . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
> (7) the need to provide restitution to any victims of the offense.

range is 121 months and Mr. Torres was sentenced to 120 months, a term that is less than the minimum of the amended guideline range, and because 120 months is the mandatory minimum sentence, the Court does not have the authority to reduce Mr. Torres's sentence pursuant to Amendment 782.  *See* U.S.S.G. § 1B1.10(b)(2) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range.").  Accordingly, Mr. Torres's Motion [Doc. # 1035] for Reduction of Sentence is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of May, 2015.